**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

ANITA ADAMS,

Plaintiff - Appellant,

v.

CITY OF SEATTLE, Washington,

Defendant - Appellee.

No. 24-6505

D.C. No. 2:22-cv-01767-TSZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted September 17, 2025
Seattle, Washington

Before: W. FLETCHER, GOULD, and DE ALBA, Circuit Judges.

Anita Adams challenges the district court's grant of summary judgment to

the City of Seattle (the "City") in this action. Adams sought to build a four-

bedroom ancillary structure on her property to house her family and potential

renters. Before finalizing the construction plans, Adams learned that her property

is in a zone subject to Seattle's Mandatory Housing Affordability for Residential

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Development ("MHA") ordinance.

The MHA requires applicants seeking a permit for the construction of a structure that "results in an increase in the total number of units" on their property to comply with the MHA's "performance option" or "payment option." Seattle Municipal Code ("SMC") § 23.58C.025. The performance option requires applicants to sell or rent a certain number of their new units at below-market rates to individuals earning less than median incomes. *Id.* § 23.58C.050. The payment option allows applicants to satisfy the MHA by "provid[ing] a cash contribution to the City," calculated based on the property's square footage. *Id.* § 23.58C.040(A)(1). Applicants may receive a modification or waiver from the MHA in their particular case if they can demonstrate that enforcement of the performance or payment options would cause a "severe economic impact at such a level that a property owner's constitutional rights might be at risk." *Id.* § 23.58C.035(C)(1).

A City Land Use Planner advised Adams of the MHA waiver process and recommended that she address any questions to David VanSkike, who leads the application review process. Rather than apply for a waiver or contact Mr. VanSkike, Adams filed suit, alleging that the MHA is an unconstitutional land-use exaction that imposes burdensome permit conditions in violation of the Takings

24-6505

Clause. *See Nollan v. California Coastal Comm'n*, 483 U.S. 825 (1987); *Dolan v. City of Tigard*, 512 U.S. 374 (1994). She brought both facial and as-applied challenges to the MHA.

We have jurisdiction pursuant to 28 U.S.C. §1291. We review the district court's grant of summary judgment de novo. *Damiano v. Grants Pass Sch. Dist. No. 7*, 140 F.4th 1117, 1136 (9th Circ. 2025). We affirm the district court's grant of summary judgment to the City.

Adams' facial challenge fails because she did not show that the "mere enactment" of the MHA "constitutes a taking." *Garneau v. City of Seattle*, 147 F.3d 802, 811 (9th Cir. 1998) (*Carson Harbor Village, Ltd. v. City of Carson*, 37 F.3d 468, 473–74 (9th Cir.1994)). The MHA's modification and waiver provisions give the City discretion to modify or waive the ordinance's requirements if adherence to the performance or payment options endangers an applicant's constitutional rights. SMC § 23.58C.035. These provisions thus preclude the MHA's "mere enactment" from effecting a taking. Adams' facial challenge is further undermined by the fact that the City has previously granted an application for an MHA waiver or reduction.

Adams' as-applied challenge also fails because it is premature. At the time of filing, Adams had not contacted Mr. VanSkike for more information about the

waiver process and had not requested a waiver. Her challenge is based upon a speculative denial of a future waiver application. As-applied claims based on such "uncertain or contingent future events . . . . are unfit for judicial determination." *Koontz Coal. v. City of Seattle*, No. C14-0218JLR, 2014 WL 5384434, at *5 (W.D. Wash. Oct. 20, 2014) (internal quotations and citations omitted).

**AFFIRMED**